UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ELISA DOROTHEA MATA,<br><br>    Defendant. | Case No. 1:19-cr-00365-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Elisa Mata's Motion to Reduce Sentence. Dkt. 129. The Government opposes the request. Dkt. 130.

The Court finds that the decisional process would not be significantly aided by oral argument and will decide the Motion on the briefs filed. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On November 14, 2019, a federal grand jury returned a five-count indictment charging Mata with various drug related crimes. Dkt. 1. Prior to coming into federal custody, Mata had been serving a state sentence. Dkt. 92, at 2–3. On November 19, 2019, Mata was transferred to the custody of the United States Marshals Service due to the charges in this case. Dkts. 92, at 3, 92-1. At her initial appearance on February 4, 2020, Mata waived her right to be in federal custody. Dkt. 28. On July 14, 2020, Mata pleaded guilty to Count Two of the indictment. Dkt. 77.

The presentence investigation report calculated Mata's guideline custody range as 130–162 months. Dkt. 93. On October 1, 2020, the Court sentenced Mata to 67 months imprisonment. Dkts. 103-104. In arriving at this sentence, the Court cited to USSG § 5G1.3(d), in part, and reduced Mata's sentence by 11 months to account for the time served in state custody that would not be credited by the Bureau of Prisons. Dkts. 104, 105.

On December 30, 2022, Mata filed a Motion to Reduce Sentence. Dkt. 129. Therein, Mata argues the Court should correct her sentence to award all time "since [her] guilty plea." *Id*. at 1. She states that the Court sentenced her to "67 months with no time served." *Id*. Mata is currently incarcerated at Federal Correctional Institution Waseca in Minnesota and has a projected release date of July 3, 2024.

### III. ANALYSYS

There are two fundamental flaws with Mata's motion: one legal, one factual.

First, where, as here, a sentence has been imposed, the Court is without jurisdiction to make changes to the sentence unless: (1) the sentence is "based on a sentencing range that has been subsequently lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016); *see also* 18 U.S.C. § 3582(c). The "primary applicable policy statement . . . prohibits a sentence reduction in cases where the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Spears*, 824 F.3d at 912–13 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Mata does not allege that the guideline range applicable to her has been subsequently lowered by the Sentencing Commission and, therefore, her Motion does not

MEMORANDUM DECISION AND ORDER - 2

meet the criteria for a sentencing reduction under § 3582. That is the legal problem.

Far more important, however, is that Mata is overlooking a critical fact. That is, the Court already gave her credit for the time she now seeks specifically because of the reason she now articulates.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. These authorities explain that the earliest possible date a sentence can commence is the date on which it is imposed. Thus, Mata's federal sentence did not begin until she was sentenced on October 1, 2020.

Because Mata was in state custody prior to October 1, 2020, she would not—in fact, could not, as outlined above—receive any credit towards this federal sentence from that time period. But the Court took care of this disparity at sentencing.

As the Court clearly stated during sentencing,[1] it took 11 months "off the top" of Mata's sentence so that she would not lose the time she was "serving" on the underlying criminal conduct in state custody simply because she was not in federal custody. Thus, Mata already received credit for the time she now asks the Court to grant her. The Court will not reduce or credit Mata any further as such would amount to double counting.

---

[1] The transcript was never ordered in this case and is, therefore, not part of the public record. In addition, the statement of reasons (which reflects this reduction) is sealed and only visible to the Court and Counsel. Nevertheless, the Court has reviewed the sentencing transcript and confirms that it took 10.5 months off Mata's sentence (which would otherwise have been 77 months) specifically "for the purposes of making sure you get credit for the time you've been in prison on this charge."

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

The Court HEREBY ORDERS:

1. Mata's Motion to Reduce Sentence (Dkt. 129) is DENIED.

DATED: June 13, 2023

David C. Nye  
Chief U.S. District Court Judge